```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :        CRIMINAL ACTION
                                :
        v.                      :
                                :
ANDRE KAIRI EVANS               :        NO. 15-423
```

                            MEMORANDUM

Bartle, J.                                        November 4, 2015

Before the court is the motion of defendant Andre Kairi Evans ("Evans") to reconsider pretrial detention under the Bail Reform Act, 18 U.S.C. §§ 3141 et seq.

On September 15, 2015 Evans was indicted for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). As charged in the indictment, Evans possessed a semiautomatic handgun, with partially obliterated serial number, loaded with a large capacity magazine containing 20 live rounds of ammunition.

At trial, the government will present evidence that Evans fled when Philadelphia police officers attempted to stop him at approximately 7 P.M. on May 30, 2015 while driving a motor vehicle. Upon noticing the officers' signal to stop, Evans accelerated and struck both a parked car and a house. Evans then exited the motor vehicle and fled on foot. Two officers chased him. Each officer fired their weapons multiple times when Evans turned back to look at them while still holding

the handgun.  Evans thereafter tossed the handgun and continued to run.  When the officers caught up to Evans, the officers used their Taser before Evans ceased to resist.  The officers recovered the firearm, which contained a large capacity magazine with 20 live rounds of ammunition.  The government contends that two eyewitnesses and a police surveillance camera observed Evans in flight.  After he was arrested and waived his rights under Miranda v. Arizona, 384 U.S. 436 (1966), Evans, according to the government, admitted to possessing the firearm.

Evans has an extensive criminal history.  He was sentenced in the state court for criminal use of a communication facility and possession with intent to manufacture and deliver in 2007, possession of narcotics in 2009, and aggravated assault in 2009.  In 2011, Evans was convicted of attempted burglary, conspiracy, and possession of a firearm by a felon.  At the time of the incident alleged in the indictment, Evans was on probation for his aggravated assault conviction and parole for his attempted burglary conviction.

On September 9, 2015, at an initial appearance before Magistrate Judge Elizabeth T. Hey, Evans stipulated to probable cause and detention.  At his arraignment, on September 30, 2015, Magistrate Judge Richard A. Lloret again ordered Evans to be detained without bail before trial.  Evans now seeks review of these orders.  We held an evidentiary hearing and now make a de

novo determination of the defendant's eligibility for bail and what pretrial conditions of release, if any, are appropriate. See United States v. Delker, 757 F.2d 1390, 1394-95 (3d Cir. 1985).

Bail is to be determined in accordance with the Bail Reform Act, 18 U.S.C. §§ 3141 et seq. Under § 3142, the court is to release a defendant on personal recognizance or subject to conditions unless it determines after a hearing that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." § 3142(e), (f). Except in certain circumstances not relevant here, it is the government's burden to prove by a preponderance of the evidence that no such conditions exist. The court is to consider the following factors in making its determination:

     (1)  the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

     (2)  the weight of the evidence against the person;

     (3)  the history and characteristics of the person, including—

        a.    the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

        b.    whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4)    the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Id. § 3142(g).

      We first turn to the nature and circumstances of the charged offenses. The indictment, as noted above, charges Evans with possession of a firearm by a convicted felon. The government intends to prove at trial that Evans tossed that firearm loaded with a large capacity magazine containing 20 live rounds of ammunition into the public streets while attempting to flee from police officers.

      In addition, the circumstances surrounding his arrest give rise to a substantial risk of flight. When signaled to stop by the officers, Evans made reckless attempts to evade by

motor vehicle and foot.  In fleeing, Evans drove his car into a parked car and a house, causing property damage.  He then abandoned the car and fled on foot.  During the chase, the officers feared for their own safety and discharged their weapons when Evans turned to look at them while still holding the firearm.  Once apprehended, Evans continued his resistance until the officers used a Taser to subdue him.

Further, because of his extensive criminal history, the crime with which Evans is charged carries a significant sentence.  The government states that the advisory sentencing guideline calls for the statutory maximum of 10 years imprisonment.  In sum, Evans poses a serious flight risk, a factor which weighs heavily against his pretrial release.

We next consider the weight of the evidence against Evans.  Significantly, Evans confessed to the charged offense after waiving his Miranda rights, though he contends that he did not point the handgun at the officers.  The government also intends to present evidence that two eyewitnesses and police surveillance footage observed Evans running from the officers while carrying the firearm.

Evans argues that the officers may not have had probable cause to stop his vehicle because the rental company which owns the vehicle disputes that the license plates were mismatched.  He also stresses that it was unnecessary for the

officers to discharge their weapons when in pursuit of a suspect fleeing on foot.  Based on the record before us, the government has assembled a substantial body of evidence against Evans, a factor which weighs against pretrial release.[1]

There are also substantial concerns that the public will be at risk if Evans is released.  He has a long criminal history.  As we have already noted, Evans is charged with possession of a firearm, loaded with a large capacity magazine containing 20 live rounds of ammunition.  At the time of this charged offense, Evans had only been free from custody, after a previous conviction, for less than four months.  He was on probation for a previous aggravated assault conviction and on parole for an attempted burglary conviction.  While fleeing on foot, Evans carried the loaded firearm through the public streets before tossing it into the street.

Evans is a lifelong Philadelphia resident.  He seeks to live with his cousin, Chinne Hilton, if released on bail.  Evans proffers that he worked for his cousin Naheem Stinett's construction company prior to his arrest.  He intends to seek work from Stinett or an alternative employer if released.  His plans include enrollment in a certification program in personal training at the Community College of Philadelphia as well as

---

1. However, we wish to emphasize that we are not making any determination at this stage as to what verdict the jury is likely to reach at trial.

enrollment in a surgical technician course at Hahnemann Hospital in January 2016.  He seeks to use these certifications towards a degree in physical therapy.  Evans provided no evidence concerning his moral standing or involvement in the community.

> The government has established by a preponderance of the evidence that there is no condition or combination of conditions of pretrial release that would reasonably assure Evans's appearance at trial and the safety of the community.  See 18 U.S.C. § 3142(e), (f).  The motion of Andre Kairi Evans to reconsider his pretrial detention will therefore be denied.